■ ALPHONSE VITELLO, Respondent-Appellant, v STATE OF NEW YORK, Appellant-Respondent. (Claim No. 50937.)—Cross appeals from a judgment in favor of claimant, entered March 12, 1974, upon a decision of the Court of Claims. On June 12, 1935, claimant pled guilty to attempted robbery and received a five-year sentence to Sing Sing Prison. After a transfer to the Great Meadow Prison, he exhibited violent and allegedly psychotic behavior, as a result of which he was transferred to the Dannemora State Hospital. In December of 1938, before the expiration of his maximum sentence, the hospital superintendent petitioned the Clinton County Court for an order dispensing with personal service and adjudging the claimant insane. Upon the certification of two qualified psychiatric examiners, the order was granted and, upon the authority of this order, the claimant was held beyond the expiration of his maximum sentence. Though he challenged the legality of his incarceration on several occasions through habeas corpus proceedings, he was unsuccessful. In April of 1966, after his condition had improved, he was transferred to the Central Islip State Hospital where he voluntarily remained for continuing treatment. Claimant alleges three causes of action

in his claim against the State, asserting lack of proper medical and physical care, false imprisonment, and a violation of his constitutional and civil rights as a result of his unlawful detention. The trial court dismissed the first and third causes of action, but found that the 1938 proceeding was illegal and awarded claimant $100,000 damages for false imprisonment. Since claimant here only contests the adequacy of the award, we need not concern ourselves with the first and third causes of action. The State appeals from the judgment, contending that the claimant is not entitled to damages for the reason that he failed to demonstrate that he was sane for any period during his confinement. We agree. Even if we assume that the 1938 proceeding was, in fact, illegal, claimant must sustain the burden of demonstrating that he was damaged by the illegal detention if he is to recover on that theory. He must prove "Whether he was sane during any of the period between the date of his original commitment and the date of his release" (*Troutman v State of New York,* 273 App Div 619, 622). More recently in *Dennison v State of New York* (28 AD2d 608, affd 23 NY2d 996, cert den 397 US 923) and *Scott v State of New York* (34 AD2d 1041, affd 28 NY2d 847) this court reaffirmed that principle. Claimant's counsel argues that *Scott (supra)* and *Dennison (supra)* are distinguishable from the case at hand, in that there was no claim in either of those cases that the claimants were sane at any time during confinement. That is, of course, true, but, while claimant here asserts he was sane, the court, after considering the conflicting testimony of the respective experts and after reviewing the hospital records, concluded that "claimant has not established that he was sane during that period. Claimant, in this regard, has failed to sustain the burden of proof." An analysis of the medical proof and the testimony in its totality provides an abundance of credible evidence to support the court's determination. So, while claimant here alleges that he was sane, the trial court found otherwise, and, since he has failed to sustain that burden, his claim must be dismissed. In view of this holding, we need not decide any other issue. Judgment reversed, on the law and the facts, and claim dismissed, without costs. Herlihy, P. J., Greenblott, Main, Larkin and Reynolds, JJ., concur.